# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### November 2, 2004 Session

## DERRICK McCLURE v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Shelby County**
**No. P-26083     John P. Colton, Jr., Presiding Judge**

---

**No. W2004-00519-CCA-R3-PC  - Filed February 15, 2005**

---

The petitioner, Derrick McClure, appeals from the post-conviction court's dismissal of his petition for post-conviction relief.  He contends that the post-conviction court erred in concluding that his petition was untimely filed without conducting an evidentiary hearing to determine whether due process considerations tolled the statute of limitations.  On appeal, we reverse the decision of the post-conviction court and remand the case for an evidentiary hearing consistent with this opinion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Reversed and Remanded**

J.C. McLin, J., delivered the opinion of the court, in which Jerry L. Smith and Robert W. Wedemeyer, JJ., joined.

Paul J. Springer, Memphis, Tennessee, for the appellant, Derrick McClure.

Paul G. Summers, Attorney General and Reporter; Rachel E. Willis, Assistant Attorney General; William L. Gibbons, District Attorney General; and Steve Crossnoe, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The petitioner was convicted of first degree murder, attempted first degree murder, and two counts of especially aggravated robbery on September 26, 1996, and received a life sentence plus twenty-five (25) years.  The petitioner's convictions were affirmed on appeal on March 31, 1998. State v. Derrick McClure, No. 02C01-9705-CR-00192, 1998 WL 148322 (Tenn. Crim. App., at Jackson, March 31, 1998), perm. app. denied (Tenn. Dec. 7, 1998).  The Tennessee Supreme Court denied the petitioner's application for permission to appeal on December 7, 1998.  On January 15, 2002, the petitioner filed his pro se petition for post-conviction relief, claiming that he received ineffective assistance of counsel.  In the petition, the petitioner alleged that, despite his continued requests for information, he received no communication from his attorney informing him of the status of his Rule 11 application for permission to appeal to the Tennessee Supreme Court; therefore,

he did not file for post-conviction relief until after the expiration of the statute of limitations. The petitioner argued that his untimely filing was the result of his attorney's abandonment of the case without notifying the petitioner of his right to proceed further. The trial court dismissed the petition without conducting an evidentiary hearing, finding that the petitioner filed his petition outside the one-year statute of limitations and no statutory exceptions or due process considerations existed to toll the statute of limitations. The petitioner now appeals the dismissal of his post-conviction petition.

On appeal, the petitioner argues that the trial court erred in dismissing his petition for post-conviction relief as untimely without conducting an evidentiary hearing to determine whether due process considerations tolled the statute of limitations for filing a petition for post-conviction relief. The State argues that the trial court properly dismissed the petition for post-conviction relief because the one-year statute of limitations had expired, and the petitioner's case does not present the appropriate circumstances for tolling the statute of limitations under due process.

Initially, we note that the Post-Conviction Procedure Act unambiguously mandates the following:

> [A] person in custody under a sentence of a court of this state must petition for post-conviction relief under this part within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final, or consideration of such petition shall be barred. The statute of limitations shall not be tolled for any reason, including any tolling or saving provision otherwise available at law or equity. Time is of the essence . . . . Except as specifically provided in subsections (b) and (c), the right to file a petition for post-conviction relief or a motion to reopen under this chapter shall be extinguished upon the expiration of the limitations period.

Tenn. Code Ann. § 40-30-102(a) (2003).

However, The Post-Conviction Procedure Act does permit the extension of the one-year statute of limitations period for: (1) claims based on a final appellate court ruling establishing a constitutional right not recognized at the time of trial, but given retroactive effect by the appellate court; (2) claims based upon new scientific evidence establishing that the petitioner is actually innocent; and (3) claims seeking relief from an enhanced sentence that was based upon convictions later determined to be invalid. Tenn. Code Ann. § 40-30-102(b). Additionally, due process requires, in certain circumstances, that the statute of limitation be tolled. See Williams v. State, 44 S.W.3d 464 (Tenn. 2001); Seals v. State, 23 S.W.3d 272 (Tenn. 2000); Buford v. State, 845 S.W.2d 204 (Tenn. 1992).

In this case, the petitioner filed his pro se petition for post-conviction relief more than four (4) years after our supreme court denied his Rule 11 application to appeal. Also, the petitioner does not articulate facts which prove the existence of any of the exceptions listed in Tennessee Code

Annotated section 40-30-102(b). Instead, the petitioner contends that he should be allowed to maintain an untimely post-conviction action because dismissal would deny him due process. In making his argument, the petitioner primarily relies on Williams for authority.

In Williams, the petitioner filed his post-conviction petition nine (9) months after the statute of limitations had expired, alleging that no notification was given by his appointed counsel regarding the status of his direct appeal, counsel's intent to withdraw, and counsel's untimely application for permission to appeal to the supreme court. Williams, 44 S.W.3d at 466. The Tennessee Supreme Court stated that "[i]f a defendant erroneously believes that counsel is continuing to represent him or her, then the defendant is essentially precluded from pursuing certain remedies independently." Id. at 469. Our supreme court explained further, stating that:

> judicial economy dictates that only one appeal should be considered at one time; if a Rule 11 application is granted and this Court finds in favor of the appellant, the post conviction petition would most likely be dismissed or continuously amended to reflect the on-going litigation. [Also], the issues raised in a post-conviction petition cannot be ripe for review if a Rule 11 application is pending a decision by this Court. And finally, the issues in the post-conviction petition would be rendered moot if the Court reversed the conviction and remanded for a new trial.

Id. at 469-70 (citations omitted). After reviewing the record, our supreme court noted that the petitioner "might have been denied the opportunity to challenge his conviction in a timely manner through no fault of his own but because of the possible misrepresentation of his counsel." Id. at 468. Our supreme court determined that if such misrepresentation existed, then due process required the tolling of the statute of limitations. Id. at 471. Consequently, the case was remanded to the trial court for an evidentiary hearing to determine "(1) whether due process tolled the statute of limitations so as to give the [petitioner] a reasonable opportunity after the expiration of the limitations period to present his claim in a meaningful time and manner; and (2) if so, whether the [petitioner's] filing of the post-conviction petition was within the reasonable opportunity afforded by the due process tolling." Id. In so holding, our supreme court declined "to arbitrarily determine what length of time constitutes 'enough time' for a [petitioner] to pursue post-conviction appellate review." Id. Rather, our supreme court stated that "this is a question of fact for the trial court." Id.

Although not quite the procedural quagmire, the facts of this case are somewhat similar to Williams. Here, the petitioner attributes his failure to file a timely petition to his attorney. The petitioner alleges that he did not receive any communication from his attorney regarding the Tennessee Supreme Court's denial of his Rule 11 application or notice of whether his attorney intended to continue to represent him post-conviction. From the record, we determine that on June 4, 1998, the petitioner's attorney sent a letter to the petitioner informing him that his Rule 11 application had been filed. However, the record does not indicate whether the petitioner's attorney communicated further with the petitioner. Instead, the record indicates that the petitioner wrote his attorney on April 28, 2000, asking for information concerning the status of his case. In the letter, the petitioner wrote, "[I]t is to my knowledge, that my appeal to the Supreme Court and the Post

Conviction that you're suppose to file, has been going on for about two (2) years. I haven't as of yet, received any type of notice of what's the outcome on my case nor any progress that you have been making." The record also shows that the petitioner's attorney did not withdraw from representation until October 3, 2002, well after the petitioner filed his untimely petition for post-conviction relief.

In order to ascertain whether the misconduct of the petitioner's attorney constitutes a due process violation that would toll the statute of limitations, certain facts must be determined. In Williams, our supreme court surmised that "[i]f [the petitioner] was under the impression that a Rule 11 application was pending during this time, then he was precluded from acting pro se to pursue post conviction relief while presumably being represented by counsel." Id. Our supreme court then stated that the question to consider "is whether the [petitioner] in this case was, in fact, misled to believe that counsel was continuing the appeals process." Id. In this case, it is necessary to determine whether counsel's failure to inform the petitioner of the denial of the Rule 11 application caused the petitioner to erroneously believe that his counsel was continuing representation. In addition, it is necessary to determine why counsel did not file for post-conviction relief, or, in the alternative, inform the petitioner of his intent to withdraw from representation. Finally, the questions of how and when the petitioner received notice of the denial of his Rule 11 application need to be determined. Therefore, we remand to the post-conviction court for an evidentiary hearing to determine (1) whether due process tolled the statute of limitations so as to afford the petitioner a reasonable opportunity after the expiration of the limitations period to present his claim in a meaningful time and manner; and if so, (2) whether the petitioner's filing of his post-conviction petition on January 15, 2002, was within the reasonable opportunity afforded by the due process tolling. See Williams, 44 S.W.3d at 471. If the post-conviction court determines that due process considerations tolled the statute of limitations and the petitioner filed his petition within a reasonable time after the expiration of the statute of limitations, then the court shall grant the petitioner the opportunity to seek a post-conviction hearing on the merits. If the post-conviction court determines otherwise, the court shall dismiss the petition as untimely.

## CONCLUSION

We reverse the judgment of the post-conviction court and remand for an evidentiary hearing.

_____
J.C. McLIN, JUDGE

-4-